IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 03-30019 |
| | | CIVIL NO. 06-1770 |
| VERSUS | | |
| | * | JUDGE JAMES |
| GARY VAN DANIELS | | |
| | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Reduce Sentence filed by defendant Gary Van Daniels ("Daniels") (Doc. # 88). For reasons stated below, it is recommended that the motion be **DENIED**.

## BACKGROUND

Daniels was arrested on Monday, November 4, 2002, by officers with the 5th Judicial District Narcotics Task Force following a traffic stop, and charged under state law. On or about February 12, 2003, Daniels filed a Motion to Suppress in state court. After conducting a hearing, the Honorable Glen W. Strong issued a ruling denying Daniel's motion. Thereafter, on May 29, 2003, a federal grand jury returned a one-count indictment charging Daniels with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On September 2, 2003, Daniels filed a motion to suppress the evidence seized during the traffic stop. He then filed a supplemental motion to suppress on September 11, 2003, and the undersigned held a supplemental evidentiary hearing on October 24, 2003. The facts as shown by the state court hearing and the supplemental hearing held in this court are set forth in the Report and Recommendation issued by the undersigned on October 29, 2003, which is incorporated herein by reference. The undersigned recommended that the Petitioner's motion to suppress be denied,

and on December 1, 2003, the Court adopted that finding and recommendation.

On December 18, 2003, Daniels entered a conditional plea of guilty to count one of the indictment. On March 17, 2004, Daniels filed a motion to reconsider the ruling on the motion to suppress, which the Court denied. Then, on June 10, 2004, Daniels filed a motion to withdraw his guilty plea. The Court denied the motion on July 2, 2004, and, on July 6, 2004, Daniels was sentenced to 168 months imprisonment to be followed by five years of supervised release. On June 3, 2005, the United States Court of Appeals for the Fifth Circuit affirmed Daniels' conviction and sentence, finding, *inter alia*, that the motion to suppress was correctly denied, and that probable cause existed to search the vehicle, even in the absence of a warrant. (Judgment/Mandate of USCA, Doc. # 85).

On October 6, 2006, Daniels filed the instant motion asserting the following grounds for relief: (1) he was denied effective assistance of counsel during proceedings on his motion to suppress when his attorney failed to point out alleged inconsistencies in the testimony of the officers involved; (2) he was denied effective assistance of counsel when his state court attorney failed to set aside the warrant on the grounds that the issuing judge was not a neutral and detached magistrate; (3) he was denied effective assistance of both trial and appellate counsel because both attorneys failed to demonstrate the aforementioned inconsistencies and that the state court ruling was clearly erroneous; and (4) he was denied effective assistance of counsel on direct appeal in that his attorney mishandled the issue of the automobile exception to the warrant requirement.

## LAW AND ANALYSIS

The Law of § 2255 Actions

Issues that a defendant can present in a motion filed under 28 U.S.C. § 2255 are limited. There are, essentially, four grounds upon which a federal prisoner may move to vacate, set aside,

or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the

3

error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

<u>Ineffective Assistance of Counsel</u>

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F. 2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 732, 735 (5th Cir. 1992). Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-7, 104 S.Ct. 2052, 2063-2064 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Id.*

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The parts

of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See*, *Strickland* at 689-690, 2065-2066. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland* at 690, 2066; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1993); *see also, Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

With regard to his ineffective assistance of counsel claims, Daniels challenges the performance of not only his attorney in the federal prosecution, but also his attorney in the state prosecution. However, while the Court did utilize the transcript of the motion to suppress hearing held in state court, the Court also held a supplemental evidentiary hearing and did not, as Daniels claims, adopt the state court's findings on his Fourth Amendment claims. See Report

5

and Recommendation, p. 1 ("The transcript from that hearing [the state court hearing] is available for review by this court . . . ."). Furthermore, the undersigned has again reviewed the transcript of the state court motion to suppress hearing and finds that the questions asked by Daniels' attorney fell within the wide range of reasonable competence and were sufficient to bring to light the facts necessary for this Court to decide the motion to suppress. To the extent that Daniels challenges the performance of his attorney in the state prosecution prior to or following the motion to suppress, those claims are not properly raised in the context of this § 2255 motion.[1] Therefore, it is recommended that Daniels' motion on such grounds be DENIED. Accordingly, only Daniels' grounds for relief as they relate to his attorney in the federal prosecution will be discussed further below.

*A. Counsel's Failure to Discover La. R.S. 32:79(1)*

Daniels claims that his attorney was ineffective for failing to argue, based on the language of La. R.S. 32:79(1), that the initial stop of Daniels' vehicle was not justified because no traffic violation occurred. La. R.S. 32:79(1) states as follows:

> Whenever a roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all other consistent herewith, shall apply.

---

[1] Daniels argues that his claims of ineffective assistance of counsel on the part of the state court attorney should be decided in the context of this § 2255 motion because, if the state court judge had suppressed the evidence at issue, the federal prosecution might not have taken place based on the fact that the Government would have been estopped from re-litigating the validity of the search and seizure. However, Daniels cites no support for the proposition that he is permitted under such circumstances to challenge the performance of his state court attorney in the context of a §2255 motion, especially given the exhaustion requirements for challenging the results of a state court proceeding in federal court, with which there is no indication that Daniels has complied. Daniels relies on *U.S. v. McKim*, 509 F.2d 769 (5th Cir. 1975); however, in that case, the Fifth Circuit held that when, on direct appeal, it is found that the defendant's arrest resulted from an unlawful search, collateral estoppel prevents the government from later claiming that the arrest was lawful for the purpose of convicting the same defendant of escape from federal custody pursuant to a lawful arrest. The case provides no support for Daniels' assertion that he should be able to address the alleged ineffectiveness of his state court counsel in the context of a § 2255 motion.

6

> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

La. R.S. 32:79(1). In support of his claim, Daniels places particular emphasis on the statute's use of the phrase "as nearly as practicable." Specifically, he argues that the statute was not intended to encompass such a minor action as an individual slightly crossing the center line twice, especially given the cold and rainy conditions on the night of the stop. However, the undersigned finds that Daniels' assertion that his counsel was ineffective for neglecting to make such an argument fails for numerous reasons.

First, Daniels cites to no Fifth Circuit or Louisiana state court authority supporting his interpretation of La. R.S. 32:79(1). Rather, he relies on case law from other jurisdictions interpreting what he claims are statutes identical to the Louisiana statute. However, this case law is not controlling. Moreover, the Louisiana cases interpreting La. R.S. 32:79(1), which **are** controlling, have specifically upheld stops under circumstances such as those complained of by Daniels; therefore, his argument on this issue is wholly without merit, and his attorneys were not ineffective for failing to raise it. *See, e.g., State v. Waters*, 780 So.2d 1053, 1056 (La. 2001) (citing *State v. Inzina*, 728 So.2d 458, 466 (La.App. 2d Cir. 12/9/95)).

Even if Daniels' crossing of the center line could be characterized as minor, ". . . the Fourth Amendment does not bar the police from stopping and questioning motorists when they witness or suspect a violation of traffic laws, even if the offense is a minor one." *Twenty-Three Thousand Eight Hundred Eleven and No/100 ($23,811) Dollars in U.S. Currency v. Kowalski*, 810 F.Supp. 738, 740 (W.D. La. 1993); *Atwater v. City of Lago Vista*, 165 F.3d 380, 389 (5th Cir. 1999) (*overruled on other grounds*) (noting the ". . . plethora of authority justifying brief

traffic stops for minor traffic violations"); *see also U.S. v. Lyons*, 2007 WL 1427036, *2 (8th Cir. 2007) (quoting *U.S. v. Barry*, 98 F.3d 373, 376 (8th Cir. 1996) ("It is well established that a traffic violation-however minor-creates probable cause to stop the driver of a vehicle.'")); *U.S. v. Hassan El*, 5 F.3d 726, 731 (4th Cir. 1993) (noting that a traffic violation, no matter how minor, gives an officer probable cause to stop the driver). Furthermore, in spite of this well-settled authority, a review of the record in this action indicates that, while Daniels' counsel did not specifically argue that La. R.S. 32:79(1) was not violated, he did argue that a traffic violation did not occur. *See* Petitioner's Memorandum in Support of Motion to Suppress, p. 8. Therefore, Daniels' attorney actually raised the issue of whether a traffic violation occurred on the night in question and, as such, his performance in this regard did not fall below an objective standard of reasonableness. The fact that his argument was not successful is a testament to the weakness of the argument, not the ineffectiveness of the lawyer.

Finally, this Court found that the police had reasonable suspicion to stop Daniels for questioning even in the absence of a traffic violation in light of the information received from the confidential informant, as supplemented by Daniels' conduct during the officer's surveillance. Report and Recommendation, Doc. # 40, p. 6-7. The Court further found that the search of Petitioner's vehicle was valid under the automobile exception to the warrant requirement, *Id.* at 8, and the Fifth Circuit affirmed this finding on appeal, Judgement/Mandate USCA, p. 2-3. Therefore, even assuming *arguendo* that Daniels' counsel had been ineffective for failing to discover La R.S. 32:79(1), which they were not, Daniels cannot show that he was prejudiced by such ineffectiveness because the police were justified in stopping him and searching his vehicle irrespective of the traffic violation. Accordingly, Daniels has failed to establish ineffective assistance of counsel and it is recommended that his motion on this ground be DENIED.

*B. Counsel's Failure to Demonstrate Inconsistencies in Officers' Testimony*

Daniels next argues that his counsel was ineffective for failing to argue following the hearing on the motion to suppress that the testimony of Officer Fleming and State Trooper Wallace concerning their surveillance was so irreconcilably inconsistent that it was unreliable. While the litany of inconsistencies alleged by Daniels is far too extensive to discuss in detail, the undersigned has thoroughly reviewed Daniels' claims and finds that his ineffective assistance of counsel claim as it relates to the officers' testimony is meritless.

A review of the record indicates that Daniels' counsel did in fact raise the alleged inconsistency Daniels complains of at the trial level.  He specifically noted the alleged inconsistency between Officer Fleming's and Trooper Wallace's testimony as to where they lost contact with Daniels during the surveillance, and, after setting out in detail the testimony of the officers, argued that the officer's testimony was ". . . full of exceptions, contradictions, and unsupported inferences."  (See Memorandum in Support of Motion to Suppress, pp. 2,16).  Thus, because Daniels' counsel in fact raised the argument that the officers' testimony was inconsistent and therefore unreliable, his performance in such regard was not deficient.  That Daniels' counsel did not prevail in his argument is <u>not</u> an indication that his performance was deficient.

Furthermore, even assuming *arguendo* that Daniels' counsel was ineffective for failing to specifically and individually point out every possible alleged inconsistency *ad nauseam*, the undersigned can discern no prejudice resulting from such failure.  Defense counsel did argue that the testimony was inconsistent, and the undersigned thoroughly reviewed the testimony given at the hearings held both in this Court and at the state level.  A necessary component of this review was an assessment of the consistency and credibility of the officers' testimony and, after making such an assessment, the undersigned found the officers' testimony to be credible and, under a

9

totality of the circumstances test, supportive of a finding of probable cause for the stop and search of Petitioner's vehicle. This finding was affirmed by the Fifth Circuit on appeal and may not be re-litigated on collateral review. *See Segler*, 37 F.3d at 1134. As Daniels has shown no deficiency in the performance of his attorney, it is recommended that his motion on this ground be DENIED.

### C. Counsel's Failure to Set Aside Warrant

Daniels asserts that he was denied the effective assistance of counsel when his attorney failed to set aside the search warrant on the grounds that the issuing judge, Judge McIntyre, was not a neutral and detached magistrate. Given the Fifth Circuit's finding that the search was proper even without a warrant, Daniels cannot show prejudice, and his claim on this basis should be DENIED.

### D. Ineffective Assistance of Counsel of Appellate Attorney

Daniels next contends that his appellate attorney was ineffective for failing to demonstrate to the Fifth Circuit the erroneous findings of fact made by the state court judge and adopted by the federal court judge regarding the Daniels' Fourth Amendment claims. However, as was previously discussed, this Court did not adopt the factual findings of the state court judge. Rather, the undersigned utilized the evidence presented at the state court hearing on the motion to suppress, along with the evidence presented at the supplemental hearing held in Federal court, in deciding the federal motion to suppress. Therefore, as the findings of the state court judge were of no relevance to the federal proceeding, Daniels' attorney was under no duty to attempt to demonstrate that such findings were erroneous. Again, counsel cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Daniels has failed to demonstrate ineffective assistance of counsel in this regard and it is recommended that

his motion on this ground be DENIED. Furthermore, to the extent Daniels challenges the state court judge's ruling, it is recommended that the motion be DENIED as such has no bearing on the federal prosecution.

*E. Counsel's Alleged Mishandling of the Automobile Exception on Appeal*

In his final ground for relief, Daniels asserts that his counsel was ineffective for failing to investigate and adequately brief the issue of the automobile exception to the warrant requirement. Daniels asserts that counsel should have demonstrated to the Court that the automobile exception did not apply in this case. However, as the Fifth Circuit actually ruled that the automobile exception <u>did</u> apply, Daniels' counsel clearly raised the issue on appeal. Lack of success on an issue actually raised is not grounds for finding ineffective assistance of counsel. Furthermore, the Fifth Circuit's finding that the automobile exception applies in this case is not subject to further review under § 2255. *See Segler*, 37 F.3d at 1134. Accordingly, Daniels' motion on this ground should be DENIED.

## CONCLUSION

For the reasons stated above, it is recommended that defendant's Motion to Vacate be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)© and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of May, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE