# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 03-30019-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GARY VAN DANIELS | MAG. JUDGE KAREN L. HAYES |

## RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On December 18, 2003, Defendant Gary Van Daniels ("Daniels") pled guilty to possession with the intent to distribute crack cocaine. Following Daniels's plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. The Probation Officer determined that Daniels's range of imprisonment under the United States Sentencing Guidelines was 135-168 months. On July 6, 2004, the Court sentenced Daniels to 168 months imprisonment. A Judgment imposing that term of imprisonment was signed on July 9, 2004.

On November 1, 2007, the United States Sentencing Commission's ("the Sentencing Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base or crack offenses in the Sentencing Guidelines ("the Guidelines"). On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack offenses, effective March 3,

1

2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review defendants potentially affected by those amendments. Daniels was identified by the USPO as a person whose sentence might be subject to reduction.

The USPO provided the Court with revised Guidelines calculations based on the amendments to Section 2D1.1. After a two-level reduction to his base offense level, Daniels is subject to a term of imprisonment of 120-135 months.[1]

On April 4, 2008, the Court issued an order [Doc. No. 115] appointing the Office of the Federal Public Defender to represent Daniels. The April 4, 2008 Order further provided notice of the Court's intent to reduce Daniels's term of imprisonment from 168 to 135 months, based on the Court's review of the revised calculations and the record. Finally, the April 4, 2008 Order required counsel to file within 60 days a notice stating (1) whether a hearing is requested or waived and (2) whether there are any objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the USPO's revised calculations.

The Government filed a memorandum under seal notifying the Court that it had no objection to the proposed reduction. [Doc. No. 116]. Having received no memorandum from

---

[1]Although the range of imprisonment would normally be 108-135 months, Daniels is subject to a statutory minimum sentence of 120 months. Therefore, his range of imprisonment becomes 120-135 months.

Daniels, on June 23, 2008, the Court issued an Amended Judgment [Doc. No. 118] reducing Daniels's term of imprisonment to 135 months, the high end of the Sentencing Guidelines range.

On July 8, 2008, Daniels, acting *pro se*, filed a Motion to Rescind Amended Judgment [Doc. No. 120], explaining that he was unaware of the Court's April 4, 2008 Order, and he did not know of the Court's intent until he received the Amended Judgment actually reducing his sentence. Daniels moved the Court to allow him to introduce evidence in support of further reduction. The Court granted Daniels's motion and ordered him to supplement the record with additional information by August 1, 2008.

On July 9, 2008, the Office of the Federal Public Defender filed a Notice of Appeal on Daniels's behalf.

On July 28, 2008, Daniels prepared a supplemental pleading with information about his family circumstances and his post-conviction rehabilitation efforts. [Doc. No. 125]. In his pleading, which was received by the Clerk of Court on August 4, 2008, Daniels informed the Court that his ex-wife had been murdered prior to his incarceration and that his two minor children have been cared for by their maternal grandparents. Unfortunately, both grandparents died in 2007. According to Daniels, both children currently reside with their uncle, Kevin Jackson, but this situation is temporary. Daniels also filed a second pleading, titled "Judicial Notice of Post-Sentence Rehabilitation for Consideration at 18 U.S.C. § 3582(c)(2) Resentencing" [Doc. No. 131], providing additional information about his efforts at rehabilitation. Daniels has completed training as a computer technician, as well as other classes, and he expects to obtain employment following release from prison. Daniels requests that the Court sentence him below the amended Sentencing Guidelines to a sentence of 46-57 months

imprisonment.

On August 18, 2008, Daniels filed a Motion to Withdraw Notice of Appeal. This Court transferred that motion to the Clerk of the United States Court of Appeals for the Fifth Circuit. On August 28, 2008, the Fifth Circuit dismissed Daniels's appeal.

On September 4, 2008, the Government filed an Objection to Defendant's Supplement [Doc. No. 143]. The Government contends that Daniels should not receive a reduction lower than 135 months based on family circumstances because one of the children is not his biological child, and one child is sixteen and would reach the age of majority prior to Daniels's release from prison.

**A.    Analysis**

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that-
> ...
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The decision regarding whether to reduce a sentence under § 3582(c)(2) rests "in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994)). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is contained in

U.S.S.G. § 1B1.10 (effective March 3, 2008), which provides:

> (b) <u>Determination of Reduction in Term of Imprisonment</u>--
>
>   (1) <u>In General</u>.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
>   (2) <u>Limitations and Prohibition on Extent of Reduction</u>--
>
>     (A) <u>In General</u>.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is **less than the minimum of the amended guideline range** determined under subdivision (1) of this subsection.
>
>     (B) <u>Exception</u>.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(1)-(2) (emphasis added) (Supp. to the 2007 Guidelines Manual).

First, the Court finds that it has no authority under § 3582(c)(2) to reduce Daniels's sentence below the minimum range of imprisonment provided by the revised calculations. The

5

Court's jurisdiction under § 3582(c)(2) is specifically limited to reductions "consistent with applicable policy statements issued by the Sentencing Commission," and, in this case, the policy statement contained in § 1B1.10(2)(A) is clear that the Court should not deviate below the Guideline minimum. While there are certain exceptions to this limitation, none are applicable in this case.

Second, the Court finds that *Booker* and its progeny do not apply to § 3582(c)(2) proceedings. While Daniels admits that a § 3582(c)(2) proceeding is not a full re-sentencing, he cites the Court to *Booker* for the proposition that the Court can sentence him to a term of imprisonment below the Sentencing Guidelines minimum based on the facts of his case and the remaining disparity between sentences for crack cocaine and powder cocaine. Although not yet addressed by the Fifth Circuit, several other federal courts have determined that *Booker* is not applicable to a § 3582(c)(2) proceeding. The Court agrees with and adopts the analysis and findings of the district court in *United States v. Cruz,* 560 F. Supp.2d 198 (E.D. N.Y.), that Sixth Amendment concerns are not raised by cases such as Daniels's:

> A defendant in a § 3582(c)(2) proceeding has a presumptive, lawful sentence. . . .Under § 3582(c)(2), there is no possibility of an increase in defendant's sentence above her current one. Any fact finding done by the judge, in conjunction with the § 3553(a) factors or otherwise, leads to a conclusion that the sentence either should or should not be reduced, *see United States v. Vautier*, 144 F.3d 756, 760 (11th Cir.1998) (sentencing court's power to reduce a sentence under § 3582(c)(2) is discretionary) and *Rivera v. United States*, 2003 WL 76988, at *3 (S.D.N.Y. Jan. 9, 2003) (Section 3582(c)(2) permits, but does not require, a district court to modify a defendant's sentence), but does not allow for an increase in the sentence. Accordingly, there is no judge found fact that increases defendant's sentence beyond the statutory maximum.

*Id.* at 203-204.

Third, to the extent that Daniels seeks to make out an Equal Protection claim, he has

failed to do so. "[E]ven if a neutral law has a disproportionately adverse effect upon a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." *Personnel Adm'r v. Feeney*, 442 U.S. 256, 272 (1979); *see also United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992) (citing same). "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." 951 F.2d at 65 (citing *Feeney*, 442 U.S. at 279). The history of Congress's directives to the Commission to conduct studies regarding powder versus crack cocaine offenses and its implicit agreement with the Sentencing Commission's recent amendments[2] reflect an intent to protect the public welfare from trafficking in crack while addressing any unsubstantiated disproportionate impact on crack offenders. There is no evidence to suggest that Congress failed to enact a 1:1 ratio for powder versus crack cocaine offenses in these recent revisions because, even in part, of the impact on African-Americans.

      Finally, the Court finds that, even if it were allowed to disregard the Sentencing Commission's Policy Statement, a reduction in Daniels's sentence to the statutory minimum of 120 months is appropriate. Although the Court originally sentenced Daniels to the upper end of the Sentencing Guidelines range, it has fully considered the record in this matter and the factors under § 3553(a). Were it not for the applicable statutory minimum, Daniels would face a sentencing range of 108-135 months imprisonment. Because of the statutory minimum, his range becomes 120-135 months imprisonment. The Court originally indicated that it would reduce

---

[2] A discussion of the history of recent amendments is contained in *Kimbrough*. 128 S. Ct. at 569, 572.

Daniels's term of imprisonment to 135 months.  However, after further review of the record and Daniels's supplemental materials, the Court finds that a minor additional reduction of fifteen (15) months is justified in this case.   A statutory minimum sentence is just and appropriate punishment based on the nature and circumstances of the offense and Daniels's history and characteristics, and it satisfies the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by Daniels.  While the Court is cognizant of Daniels's criminal history, his record reflects rehabilitative efforts consistent with the goals of § 3553(a).[3]  Thus, the Court VACATES its June 23, 2008 Amended Judgment [Doc. No. 118].  The Court will issue a Second Amended Judgment reducing Daniels's term of imprisonment to 120 months.

> **B.** **Hearing**

The Court finds that it need not hold a hearing in this matter.  As the Fifth Circuit has recognized, § 3582(c) motions can generally be decided without a hearing because the proceedings are limited in scope and "not a second opportunity to present mitigating factors to the sentencing judge," but "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines."  *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.").  Federal Rule of Criminal Procedure 43(b)(4),

---

[3]Daniels has argued to the Court that his sentence should be reduced further because of his family situation.  Although the Court is sympathetic to the situation faced by the children, the Court has no authority to reduce Daniels below the statutory minimum.

also provides that a defendant need not be present for a "proceeding [that] involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."

The Court has been provided with sufficient information in the record and by the parties to reach a determination on Daniels's reduction without the necessity of a hearing.

**C.	Conclusion**

For the foregoing reasons, the Court VACATES its June 23, 2008 Amended Judgment [Doc. No. 118]. The Court finds that an additional reduction of Daniels's term of imprisonment to the statutory minimum of 120 months is appropriate. The Court will not conduct a hearing, nor reduce Daniels's sentence of imprisonment lower than the bottom of the Guidelines range. The Court's Second Amended Judgment will issue separately.

MONROE, LOUISIANA, this 16th day of September, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE